# In the United States Court of Federal Claims

No. 25-819

Filed: August 7, 2025

|  |  |
|---|---|
| DANIELLE STEPHENS, | ) ) ) |
| *Plaintiff*, | ) ) ) |
| v. | ) ) ) |
| THE UNITED STATES, | ) ) ) |
| *Defendant*. | ) ) ) |

## OPINION AND ORDER

  Plaintiff Danielle Stephens, appearing pro se, filed this action on May 13, 2025. ECF No. 1. From what the court can discern, Ms. Stephens alleges myriad claims arising under the Constitution, criminal law, tort law, and contract law. *See id.* at 1, 6, 10–11. Along with her complaint, Ms. Stephens filed a motion for leave to proceed *in forma pauperis* ("IFP"). ECF No. 2. On May 22, 2025, the Government responded in opposition to Ms. Stephens's IFP motion, sought summary dismissal of her case, and requested the court stay its deadline to respond to the complaint. ECF No. 7. The Government argues the court should deny Ms. Stephens IFP status because of her "extensive history of frivolous litigation," and dismiss the complaint for frivolousness, for lack of subject matter jurisdiction, and for failure to state a claim. *Id.* at 5–6.

  Ms. Stephens did not file a reply in support of her IFP motion. Rather, the court received a document from Ms. Stephens on June 10, 2025, which the court granted leave to file on the docket. ECF Nos. 8, 8-1 & 9. That document does not address the claims in Ms. Stephens's complaint or offer support for her IFP status. ECF No. 9.

**I. Standard of Review**

  Under 28 U.S.C. § 1915, the court must determine whether Ms. Stephens's complaint "is frivolous or malicious," "seeks monetary relief against a defendant who is immune from such relief," or "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2). Because Ms. Stephens appears pro se, the court holds her pleadings to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

  First, a complaint is "frivolous" if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Factual allegations that are "fanciful," "fantastic[al]," "delusional," or "rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them" are frivolous.

*Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). The frivolousness inquiry is a "discretionary one," *id.* at 33, and aims to prevent abuses of the judicial system through repetitious filings, *Zatko v. California*, 502 U.S. 16, 17 (1991). *See In re McDonald*, 489 U.S. 180, 184 (1989) (explaining that pro se plaintiffs with IFP filing status "are not subject to the financial considerations—filing fees and attorney's fees—that deter other litigants from filing frivolous" documents); *In re Sindram*, 498 U.S. 177, 180 (1991) ("*Pro se* petitioners have a greater capacity than most to disrupt the fair allocation of judicial resources because they are not subject to the financial considerations—filing fees and attorney's fees—that deter other litigants from filing frivolous petitions."); *Neitzke*, 490 U.S. at 324 ("Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."). This court can deny IFP status when a plaintiff has "exhibited a history of frivolous or abusive filings." *Straw v. United States*, Nos. 2021-1600, 2021-1602, 2021 WL 3440773 (Fed. Cir. Aug. 6, 2021).

Second, this court's jurisdiction generally is limited to claims within the scope of the Tucker Act. While the United States is normally immune from suit, the Tucker Act waives that immunity and grants this court with jurisdiction over claims "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). But the Tucker Act itself "does not create any substantive right enforceable against the United States for money damages," *United States v. Testan*, 424 U.S. 392, 398 (1976); rather, "a plaintiff must identify a "separate source of substantive law that creates the right to money damages," *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citations omitted). A statute or regulation is money-mandating if it "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Testan*, 424 U.S. at 400 (quoting *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1009 (Ct. Cl. 1967)). Such "money-mandating provisions are uncommon[.]" *Maine Cmty. Health Options v. United States*, 590 U.S. 296, 324 (2020) (citing Matthew H. Solomson, *Court of Federal Claims: Jurisdiction, Practice, and Procedure* 4–18 (2016)). It is Ms. Stephens's burden to establish this court's jurisdiction by a preponderance of the evidence. *Stephens v. United States*, 884 F.3d 1151, 1156 (Fed. Cir. 2018). When determining whether this court has jurisdiction, "the court accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). The leniency afforded to pro se pleadings does not relieve Ms. Stephens from establishing this court's jurisdiction. *Roman v. United States*, 61 F.4th 1366, 1370 (Fed. Cir. 2023) (citing *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)). If Ms. Stephens fails to establish jurisdiction, this court must dismiss the complaint. Rules of the United States Court of Federal Claims ("RCFC") 12(h)(3).

Third, even if this court has jurisdiction, it must dismiss the case if Ms. Stephens "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(ii). A complaint fails to state a claim if the "facts asserted by the [plaintiff] do not entitle [her] to a legal remedy," *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002), or the facts "do not elevate a claim for relief to the realm of plausibility," *Laguna Hermosa Corp. v. United States*, 671 F.3d 1284, 1288 (Fed. Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). A complaint

2

"does not need detailed factual allegations" to be "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (citations omitted).  In other words, the complaint must contain enough detail "to raise a right to relief above the speculative level[.]" *Id.* at 555 (citations omitted).

## II.     Discussion

From what the court can discern, Ms. Stephens alleges constitutional, criminal, tort, and contract claims.  *See* ECF No. 1 at 1, 6, 10–11.  As a general matter, her complaint is frivolous.  Looking at her cases before this court alone, Ms. Stephens has filed seven cases, including this one:

- *Stephens v. United States*, 165 Fed. Cl. 341 (2023) (No. 22-1596): Before Judge Roumel, Ms. Stephens brought contract, constitutional, criminal, tort, and statutory claims relating to the repossession of a vehicle.  *Id.* at 344–45.  In March 2023, the court dismissed her complaint under Rules 12(b)(1) and 12(h)(3) for lack of subject matter jurisdiction.  *Id.* at 351.

- *Stephens v. United States*, No. 22-1695: Ms. Stephens filed an incomplete IFP application and failed to file a complete application or pay the filing fee as ordered by the court.  No. 22-1695, ECF No. 11 at 1–2.  Accordingly, the court dismissed her complaint without prejudice under Rule 41(b) in January 2023.  *Id.* at 2.

- *Stephens v. United States*, 166 Fed. Cl. 598 (2023) (No. 23-76): Before Judge Somers, Ms. Stephens brought constitutional, statutory, and regulatory claims relating to a private mortgage contract.  *Id.* at 601, 606.  In July 2023, the court dismissed her complaint under Rule 12(b)(1) for lack of subject matter jurisdiction.  *Id.* at 606.

- *Stephens v. United States*, No. 23-1247: Before Judge Smith, Ms. Stephens brought "securities fraud, trust fraud, wire fraud, conspiracy, and embezzlement" claims relating to a house foreclosure.  No. 23-1247, ECF No. 20 at 1.  In January 2024, the court decided her claims were "factually frivolous" and "deficient," and it dismissed her complaint under Rules 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim.  *Id.* at 3.  In March 2024, the court denied both of Ms. Stephens's subsequent motions to set aside the judgment.  No. 23-1247, ECF No. 25 at 2; No. 23-1247, docket text order dated Mar. 22, 2024.

- *Stephens v. United States*, No. 24-730: Ms. Stephens filed an incomplete IFP application and failed to file a complete application or pay the filing fee as ordered by the court.  No. 24-730, ECF No. 12 at 1–2.  Accordingly, the court dismissed her complaint without prejudice under Rule 41(b) in June 2024.  *Id.* at 2.  The Federal Circuit affirmed the dismissal earlier this year.  *Stephens v. United States*, No. 2024-2028, 2025 WL 400220 (Fed. Cir. Feb. 5, 2025).

- *Stephens v. United States*, No. 25-183: Before the undersigned, Ms. Stephens failed to respond to the Government's motion to dismiss. Accordingly, the court dismissed that action on August 7, 2025. *See Stephens*, No. 25-183, ECF No. 20.

The Government argues these cases demonstrate an "extensive history of frivolous litigation" by Ms. Stephens that warrant denying her IFP status. ECF No. 7 at 5. The court agrees. Section 1915 directs the court to review IFP complaints for frivolous claims to conserve judicial resources, and Ms. Stephens's extensive litigation before this court and her similar allegations in the present action suffice to support denial of IFP status here. Like her other cases before this court, Ms. Stephens makes frivolous allegations relating to the repossession of a vehicle and the foreclosure on a house. ECF No. 1-1. Thus, the court denies Ms. Stephens IFP status because her complaint is not within this court's jurisdiction and is frivolous.

While this court hears certain cases arising under the Constitution, this court's jurisdiction over constitutional law claims covers only claims based on money-mandating constitutional provisions. *Carpenter v. United States*, 118 Fed. Cl. 712, 713 (2014); *see Fisher*, 402 F.3d at 1173 (requiring this court to determine whether a constitutional provision is money-mandating to determine whether it has jurisdiction over a claim). Ms. Stephens's complaint identifies two of her counts as a count for "slavery" and a count for "involuntary servitude," so the court construes those counts as alleging claims under the Thirteenth Amendment to the Constitution. ECF No. 1 at 1, 6–7, 10–12. The Thirteenth Amendment is not a money-mandating provision of the Constitution. *Ali-Bey v. United States*, No. 2024-1629, 2025 WL 855751, at *3 (Fed. Cir. Mar. 19, 2025) (citations omitted); *Smith v. United States*, 36 F. App'x 444, 445–46 (Fed. Cir. 2002) (citing *Carter v. United States*, 228 Ct. Cl. 898, 900 (1981)). Thus, this court lacks jurisdiction over counts one and two of the complaint. Ms. Stephens also makes passing references to the First Amendment and the Due Process Clause of the Fourteenth Amendment. ECF No. 1 at 10–11, 19. To the extent Ms. Stephens seeks to bring constitutional law claims under the First Amendment or the Due Process Clause of the Fourteenth Amendment, this court lacks jurisdiction over those claims, too, because neither of those constitutional provisions are money-mandating. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding the Fourteenth Amendment Due Process Clause is not money-mandating); *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) (concluding the First Amendment is not money-mandating).

The court lacks jurisdiction over criminal law claims. Ms. Stephens's undefined count four describes an alleged conspiracy by the Government, and her count five is for "fraud." ECF No. 1 at 13–18. She also describes larceny and identity theft in her complaint. ECF No. 1 at 1, 3, 6, 11, 1. To the extent Ms. Stephens sought to bring claims for criminal conspiracy, fraud, or larceny, this court lacks jurisdiction over such criminal law claims. *Carter v. United States*, No. 2020-1452, 2020 WL 8474618, at *1 (Fed. Cir. Apr. 30, 2020) (citing *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994)) (upholding dismissal of claims for fraud and theft as either tort or criminal claims outside of this court's jurisdiction); *Shelden v. United States*, 742 F. App'x 496, 501 (Fed. Cir. 2018) (concluding this court lacked jurisdiction over conspiracy claims); *Scotto v. United States*, No. 15-1198C, 2016 WL 154784, at *2 (Fed. Cl. Jan. 12, 2016) (explaining the court lacks jurisdiction over claims for larceny).

Ms. Stephens labels the fifth count of her complaint "Fraud." ECF No. 1 at 14. But this court lacks jurisdiction over tort claims. To the extent Ms. Stephens is not pursuing a criminal fraud claim, a civil fraud claim sounds in tort. *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) (dismissing a claim for fraud). The Tucker Act provides explicitly that this court cannot hear claims "sounding in tort." 28 U.S.C. § 1491(a)(1). Further, Ms. Stephens mentions defamation, identity theft, and coercion in her complaint. ECF No. 1 at 1, 6. To the extent she seeks to bring a defamation, coercion, or identity theft claim, such claims also sound in tort, so this court lacks jurisdiction to hear them. *Berdick v. United States*, 612 F.2d 533, 536 (Ct. Cl. 1979) (explaining that defamation sounds in tort and dismissing such a claim); *Outlaw v. United States*, 116 Fed. Cl. 656, 662 (2014) (explaining that coercion is a tort claim and dismissing such a claim); *Reid v. United States*, 95 Fed. Cl. 243, 249 (2010) (explaining that identity theft is a tort and dismissing such a claim).[1]

Finally, count three of her complaint is for breach of fiduciary duty, and Ms. Stephens mentions the Government breached a contract with her. ECF No. 1 at 1, 8, 12, 15. While this court has jurisdiction over contract claims, Ms. Stephens likely failed to state such a claim. When a plaintiff alleges a breach of contract, "there is a presumption in the civil context that a damages remedy will be available upon the breach of an agreement." *Boaz Hous. Auth. v. United States*, 994 F.3d 1359, 1364 (Fed. Cir. 2021) (quoting *Holmes v. United States*, 657 F.3d 1303, 1314 (Fed. Cir. 2011)). As a result, the "general rule" is "if a plaintiff alleges breach of a contract with the government, the allegation itself confers power on the [Court of Federal Claims] to decide whether the claim has merit." *Columbus Reg'l Hosp. v. United States*, 990 F.3d 1330, 1341 (Fed. Cir. 2021) (citations omitted). This general rule has exceptions; it does not apply "when the plaintiff's allegations are frivolous, wholly insubstantial, or made solely for the purpose of obtaining jurisdiction." *Id.* (citation omitted). Breach of fiduciary duty and breach of contract are contract claims within this court's jurisdiction, but Ms. Stephens's allegations are frivolous and wholly insubstantial, as discussed above.

In the end, this court's initial review under 28 U.S.C. § 1915 indicates that dismissal is appropriate because Ms. Stephens's complaint is frivolous, and it has either failed to state a claim upon which relief can be granted or this court lacks jurisdiction to hear her claims.

### III. Conclusion

Therefore, the court **DENIES-AS-MOOT** her motion for leave to proceed *in forma pauperis*, ECF No. 2. Pursuant to 28 U.S.C. § 1915(e)(2), the court **DISMISSES** this complaint because it is outside this court's jurisdiction and is frivolous. The Clerk's Office is directed to enter judgment accordingly.

The court also **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore in forma pauperis is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[1] In the alternative, identity theft is a criminal law claim, and this court also lacks jurisdiction over criminal law claims. *See Cycenas v. United States*, 120 Fed. Cl. 485, 498 (2015); *Johnson v. United States*, 144 Fed. Cl. 578, 582 (2019).

It is so ORDERED.

s/ Edward H. Meyers<br>
Edward H. Meyers<br>
Judge